IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Robert Heydman, | ) | Case No. 0:21-cv-00019-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Charles Williams, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").  On June 4, 2021, the Magistrate Judge issued a Report recommending that the Petition be denied as untimely.  ECF No. 24.  Petitioner filed objections to the Report.[1]  ECF No. 31.

## APPLICABLE LAW

***Standard of Review***

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] The Court has reviewed Petitioner's explanation for the delay in filing the objections to the Report and considers the objections to be timely filed.

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

### *Habeas Corpus*

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a

State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

*Statute of Limitations*

Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court has recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 650.

## DISCUSSION

As an initial matter the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court specifically incorporates into this Order by reference. The Magistrate Judge found that Petitioner failed to file the Petition within the one-year limitations period; accordingly, she determined that the Petition is time-barred. She notes in the Report that Petitioner is not entitled to equitable tolling and fails

4

to meet the standard to establish actual innocence.  Petitioner does not directly dispute that his Petition is untimely.  Instead, he asserts that he is entitled to equitable tolling and that he is actually innocent.  ECF No. 31.  The Court will address each argument in turn.

***Expiration of Limitations Period***

The South Carolina Court of Appeals dismissed Petitioner's appeal on June 8, 2011, and Petitioner did not seek further review. ECF No. 10-3 at 11–12.  Consequently, Petitioner had one year from September 6, 2011, 90 days after the South Carolina Court of Appeals' opinion was filed, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for writ of certiorari is 90 days from the date of entry of the decision or judgment of a state court of last resort or 90 days from the date of denial or entry of judgment on a petition for rehearing); *Reddock v. Ozmint*, C/A No. 3:09-cv-00204-RBH, 2010 WL 568870, at *5 (D.S.C. Feb. 11, 2010) (noting that in light of the holding in *State v. Lyles*, 673 S.E.2d 811, 812 (S.C. 2009), "it now appears that it would be possible to seek certiorari review from the United States Supreme Court directly from the state court of appeals' *Anders* dismissal because now under state procedure the South Carolina Court of Appeals is the highest court of a State in which a decision could be had" (internal quotation marks omitted)).

Petitioner filed his first application for Post-Conviction Relief ("PCR") on July 8, 2011, such that none of the time under the one-year limitations period had elapsed before Petitioner filed his PCR application. App. 415–22.  The one-year period in which to file a federal habeas petition is tolled during the pendency of a PCR application or other collateral relief properly filed in state court, 28 U.S.C. § 2244(d)(2); therefore, the statute of limitations was tolled during the period the PCR application was pending—from July 8, 2011, until October 10, 2014, when the remittitur from the appeal from the denial of Petitioner's PCR application was issued.[2]  ECF No. 10-8. Thus, the one-year limitations expired one year later on October 12, 2015.  As a result, the Petition—filed on December 21, 2020,[3] more than five years after the expiration of the limitations period—is time barred.[4]

---

[2] The remittitur was issued on October 10, 2014, and filed on October 14, 2014. ECF Nos. 10-8, 10-9.  The Court agrees with the Magistrate Judge that the calculation of the time remaining under the statute of limitations runs from the date the remittitur was issued.  See *Gonzalez*, 565 U.S. at 152 n. 10 (distinguishing the provisions of 28 U.S.C. § 2244(d)(2) and (d)(1)); *see also* Rule 221(b), SCACR.  However, even if the Court were to consider the date that the remittitur was filed, the Petition is still untimely.  See *Beatty v. Rawski*, 97 F. Supp. 3d 768, 772–76 (D.S.C. 2015) (tolling the statutory deadline until the remittitur is filed).

[3] *See Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

[4] The Court notes that Petitioner's second PCR application, filed September 14, 2018, does not toll his time under the statute of limitations.  To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period.  *See* 28 U.S.C. § 2244(d); *Terry v. Cartledge*, 6:10-cv-02006-BHH, 2016 WL 943673, *5 (D.S.C. Mar. 14, 2016).

***Equitable Tolling***

A petition filed pursuant to 28 U.S.C. § 2254 can be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 648–49 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that she fulfills both elements of the test. *Yang v. Archuleta*, 525 F. 3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F. 3d 1304, 1307 (11th Cir. 2008)).

Here, Petitioner has not submitted any facts demonstrating that he has been diligently pursuing his rights or that extraordinary circumstances prevented him from timely filing his habeas petition. Petitioner contends that he has been diligently pursuing his rights; however, he offers no explanation as to why he waited more than five years to file his federal habeas petition.[5] Moreover, as explained above, his second PCR does

---

The Court further notes that, at the time the Report was issued, a conditional order of dismissal had been filed in Petitioner's second PCR action. However, a final order of dismissal, dated August 30, 2021, and filed September 13, 2021, has since been issued. *See* Spartanburg County Public Index https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (enter the petitioner's name and 2018-CP-4203180 (last visited October 13, 2021). Based on the information available on the public docket, it does not appear that Petitioner has filed an appeal as of the filing of this order.

[5] As noted below, the letter upon which his claims appear to rest is dated July 14, 2017. ECF No. 21-3.

7

not toll the statute of limitations. To the extent he intends to argue that he is entitled to equitable tolling because he lacks knowledge of the law, courts have found that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.")). Accordingly, Petitioner's objections are overruled.

***Actual Innocence***

A habeas petitioner's actual innocence is a valid, though rarely established, basis for excusing the untimeliness of his filing. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The key to an actual-innocence claim is the submission of "'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Hayes v. Carver*, 922 F. 3d 212, 216 (4th Cir. 2019) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To come under this exception to the statute of limitations, the petitioner must show that, "in light of all the evidence, old and new, it is more likely than not that no reasonable juror would have voted to find him guilty beyond a reasonable doubt." *Id*. at 217 (citing *Finch v. McKoy*, 914 F.3d 292, 298–99 (4th Cir. 2019)); *see also McQuiggin*, 569 U.S. at 401 (stressing this standard "is demanding").

Petitioner has not identified any new evidence in support of his innocence. Thus, to the extent he is asserting his innocence as a way around the statute of limitations, he

has not proved that avenue is open to him.  Petitioner agrees with the Magistrate Judge's statement that his actual innocence argument "stem[s] from the ground raised in his federal Petition in which he argues that his indictment was defective and thus deprived the trial court of jurisdiction."  ECF Nos. 24 at 10 (citing ECF No. 1); 31 at 3.  Petitioner contends that the allegedly defective indictment should be considered new evidence because it was not presented at trial and that the information was not available to him before the expiration of the statute of limitations because he did not have internet access as a prisoner.  Petitioner has not explained why this purported evidence was not available to him prior to trial.

To the extent Petitioner intends to assert that his defective indictment argument should be considered newly discovered because he recently learned of it, that argument fails.  The letter upon which he seems to rely in support of his argument, was dated July 14, 2017.  ECF No. 21-3.  Even if the Court were to credit his view that this letter and attachment support his claim, Petitioner has proffered no explanation as to why he waited more than three years after it was written to file his federal habeas petition. Moreover, "[d]iscovering new legal theories through research does not qualify as new evidence as required by the actual innocence exception."  *Barnett v. Quintana*,[6] C/A No. 5:18-cv-00279, 2018 WL 7078579, at *12 (S.D.W. Va. Dec. 18, 2018), *adopted by,* 2019 WL 267731 (S.D.W. Va. Jan. 18, 2019) (citing *Berrios v. United States*, No. 1:07-cr-81, 2017

---

[6] The Court notes that the cited case rules on a petition brought pursuant to 28 U.S.C. § 2241; however, that court applied the same test articulated here.

WL 3880659, at *3 (E.D. Va. Sept. 5, 2017) (rejecting actual innocence claim where the petitioner argued he had only recently learned of the legal arguments that supported his claim). Accordingly, Petitioner's objections are overruled.

## CONCLUSION

Therefore, upon de novo review of the record and applicable law, the Court adopts the Magistrate Judge's Report and Recommendation [24]. The Motion for Summary Judgment [11] is **GRANTED** and the Petition is **DISMISSED** as untimely.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

October 14, 2021
Spartanburg, South Carolina